UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHAKESPEARE THEATRE COMPANY, *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Civil Case No. 12-1030 (RJL)<br>)<br>) |
| LANSBURGH THEATRE, INC., *et al.*, | )<br>) |
| Defendants. | ) |

<u>MEMORANDUM ORDER</u>
(July 24, 2012) [# 2]

On June 12, 2012, plaintiffs, the Shakespeare Theatre Company ("Shakespeare") and its managing director, initiated this case in the Superior Court of the District of Columbia, seeking declaratory and injunctive relief to preserve their use and occupancy of the Lansburgh Theatre, a real property located in the District of Columbia. *See generally* Defs.' Notice of Removal, Ex. A, Compl. [Dkt. # 1-1]. On June 22, 2012, defendants removed the case to this Court. Defs.' Notice of Removal [Dkt. # 1]. Shortly thereafter, plaintiffs moved to remand the case back to the Superior Court and requested fees and costs incurred as a result of the removal. Pls.' Emer. Mot. to Remand 1, 8 [Dkt. # 2]. On July 12, 2012, this Court heard oral argument on that motion. For the following reasons, the plaintiffs' motion is GRANTED in part and DENIED in part.

It is undisputed that this case involves neither the requisite diversity of citizenship nor federal law claims to support federal jurisdiction. Instead, defendants' attempt at removal relies exclusively on *Grable & Sons Metal Products, Inc. v. Darue Engineering*

1

*& Manufacturing*, 545 U.S. 308 (2005), which recognized that "in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." 545 U.S. at 312; Defs.' Notice of Removal 2. In *Grable*, the Supreme Court explained that federal courts may exercise jurisdiction over state-law claims where "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314. Here, however, unlike *Grable*, the actions of a federal agency are not involved and the resolution of plaintiffs' claims does not turn on the resolution of a substantial federal issue.

At its core, this case involves a dispute between two District of Columbia non-profits over the use of certain real property and their ongoing legal relationship. Defendant Lansburgh Theatre, Inc. ("Lansburgh") is a "supporting organization" under Internal Revenue Code § 509(a)(3) and landlord for plaintiff Shakespeare, a non-profit organization. Compl. ¶¶ 14-17. For over twenty years Lansburgh has leased the real property, the Lansburgh Theatre, to Shakespeare for its use and operation. *Id.* at ¶ 4. When lease renewal negotiations for the theater recently broke down, however, plaintiffs commenced this suit. Plaintiffs, seeking a preliminary injunction and other declaratory relief, bring claims under D.C. law to enforce Lansburgh's articles of incorporation, which reference and incorporate certain requirements of § 509(a)(3), and to remove certain of its directors. Compl. ¶¶ 56-59, 70-78. Plaintiffs also raised several common law claims alleging that defendants have tortiously interfered with the lease and breached

2

their fiduciary duty, the implied covenant of good faith and fair dealing, and a constructive trust. Compl. ¶¶ 60-104. All of these claims are ostensibly aimed at preserving Shakespeare's use of the theater. Nonetheless, defendants argue that federal jurisdiction is appropriate because the plaintiffs' "entire suit is premised on purported violations of Section 509(a)(3) of the federal tax code." Defs.' Opp'n 5 [Dkt. # 16]. I disagree.

These federal tax law issues are simply not substantial enough to outweigh the presumption of limited federal jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-08 (1941). To be sure, the Superior Court may interpret and apply Section 509(a)(3) in evaluating whether Lansburgh has overstepped its articles and its bounds as a supporting organization for Shakespeare, but the court may also provide relief on the common law claims. Moreover, unlike *Grable*, this case does not involve the actions of a federal agency. *See Empire HealthChoice Assur., Inc. v. Mcveigh*, 547 U.S. 677, 701 (2006) (recognizing that *Grable* applies only to a "slim category" of cases and that the dispute in *Grable* "centered on the action of a federal agency"). Put simply, the Superior Court does not necessarily need to resolve a substantial federal tax issue in order to adjudicate this matter. *Cf. District of Columbia v. Grp. Hospitalization & Med. Servs., Inc.*, 576 F. Supp. 2d 51, 55 (D.D.C. 2008) (exercising federal jurisdiction where plaintiff could not obtain relief on state law claims without court's interpreting non-profit's federal charter). Rather, the Superior Court is faced with a "fact-specific application of rules that come from both federal and state law." *Washington Consulting Grp., Inc. v. Raytheon Technical Servs. Co.*, 760 F. Supp. 2d 94, 101 (D.D.C. 2011)

3

(quoting *Bennett v. Southwest Airlines Co.*, 484 F.3d 907, 910 (7th Cir. 2007)). Thus, it will likely need to resolve a number of issues, of which only one element is the application of the Internal Revenue Code as incorporated in Lansburgh's articles. Therefore, this Court finds that federal question jurisdiction is lacking and that this case must be remanded.

Finally, plaintiffs seek attorney's fees and costs as a part of their motion to remand. An order remanding a case may, of course, require an award of attorney's fees and costs where the removing party lacked an "objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *see also* 28 U.S.C. § 1447(c) (2006). Here, however, the Court does not find that defendants' attempt to fit this case in the "slim category" of *Grable* cases, *see Empire*, 547 U.S. at 701, was sufficiently unreasonable to justify granting plaintiffs' fee request. To put it simply: it was a benign, but justifiable, attempt at forum shopping.

Thus, for the foregoing reasons, it is hereby

**ORDERED** that the plaintiffs' Emergency Motion for Remand [# 2] is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that the above-captioned action be remanded to the Superior Court of the District of Columbia; and it is further

**ORDERED** that the plaintiffs' request for fees and costs is **DENIED**.

**SO ORDERED.**

RICHARD J. LEON
United States District Judge

4